**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**ALEXANDRIA DIVISION**

| | |
|---|---|
| LEO ROBERT JACKSON | CIVIL ACTION NO. 26-4392 |
| VERSUS | JUDGE ALEXANDER C. VAN HOOK |
| WARDEN CENTRAL LOUISIANA ICE PROCESSING CENTER, ET AL. | MAGISTRATE JUDGE GALE |

## MEMORANDUM ORDER

Leo Robert Jackson ("Petitioner") filed a petition for a writ of habeas corpus, Record Document 9, and a motion for temporary restraining order, Record Document 12. The habeas petition is **REFERRED** to the Magistrate Judge for recommendation. For the following reasons, the motion for temporary restraining order is **DENIED**. Record Document 12.

Petitioner's motion for a temporary restraining order turns on his request to "prohibit Respondent from obstructing adjudication of this habeas petition by seeking to deport him to a third country without the requisite due process." Record Document 12, at 23. In other words, Petitioner seeks a stay of his removal. Even when couched as a request to "preserve the status quo," the United States Court of Appeals for the Fifth Circuit has made clear: "[a] request for stay of removal is a challenge to a removal order[,]" and the district court lacks "jurisdiction to grant such relief[.]" *Imran v. Harper*, No. 25-30370, 2026 WL 93131, at *1 (5th Cir. Jan. 13, 2026).

Petitioner alleges he is a member of the certified D.V.D. class. Record Document 12 at 15. However, the Supreme Court of the United States stayed the

February 25, 2026 order and judgment of the United States District Court for the District of Massachusetts. *Dep't of Homeland Sec. v. D.V.D.*, No. 26-426, 2026 WL 2917860 (U.S. Sept. 29, 2026). This district court has already declined to grant a temporary restraining order where a petitioner raised this argument. See *Meshsh v. Enf't & Removal Operations New Orleans Field*, No. 26-3762, 2026 WL 2985007, at *2 (W.D. La. Sept. 29, 2026); *Rodelo Echavez v. Lyons*, No. 25-1282, 2025 WL 3090769, at *2 (W.D. La. Sept. 22, 2025).

The Petitioner also asks for an order prohibiting his transfer outside of this judicial district. Such a transfer would not deprive the Court of jurisdiction, and therefore, injunctive relief is unwarranted. *Griffin v. Ebbert*, 751 F.3d 288, 290 (5th Cir. 2014) ("Jurisdiction attached on that initial filing for habeas corpus relief, and it was not destroyed by the transfer of petitioner and accompanying custodial change."). Accordingly, the motion for temporary restraining order, Record Document 12, is **DENIED**.

**DONE AND SIGNED** at Shreveport, Louisiana, this 2nd day of November, 2026.

ALEXANDER C. VAN HOOK
UNITED STATES DISTRICT JUDGE